**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL J. HOLLAND, | No. 12-57145 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-00461-AG-JC |
| v. | |
| COUNTY OF LOS ANGELES; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted February 9, 2015
Pasadena, California

Before: CALLAHAN, WATFORD, and OWENS, Circuit Judges.

Appellant Michael Holland (Holland) appeals the district court's dismissal

of his action against the County of Los Angeles (County), Los Angeles County

Department of Children and Family Services (DCFS), and individual DCFS social

workers (collectively, Defendants). Holland's complaint alleges that, in retaliation

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

for authoring a book and threatening to sue DCFS, Defendants falsely and maliciously accused Holland of child abuse, caused his loss of employment, and listed him on the Child Abuse Central Index (CACI), thus violating his civil rights. The district court dismissed for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. Reviewing the district court's decision de novo, *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2010), we reverse because Holland's action does not present a de facto appeal of a state court decision.

The *Rooker-Feldman* doctrine bars district court jurisdiction over an action that (1) "contains a forbidden de facto appeal of a state court decision" and (2) "seek[s] to litigate an issue that is inextricably intertwined with the state court judicial decision from which the forbidden de facto appeal is brought." *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013) (quotation marks omitted). A de facto appeal exists where (1) "a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court" and (2) the plaintiff "seeks relief from a state court judgment based on that decision." *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003).

Neither de facto appeal factor is presented here. First, Holland does not allege that a state court committed any legal error. Instead, Holland "asserts as a legal wrong an allegedly illegal act or omission by an adverse party," *id.*, namely

2

DCFS's allegedly unconstitutional investigation of Holland for child abuse, conduct during the juvenile dependency petition against Holland, and actions causing Holland to be listed and to remain on CACI. Second, Holland does not seek relief from a state court judgment. Instead, Holland seeks damages and injunctive and declaratory relief related to his ongoing listing on CACI. In fact, on the record presented, Holland does not appear to have lost in state court. The juvenile dependency proceeding against Holland and his ex-wife was dismissed without prejudice. Defendants contend that Holland suffered an adverse decision in family court, but no family court decision appears in the record. Even if an adverse family court decision were in the record, Holland does not claim that the family court committed any factual or legal error and he does not seek relief from the family court's judgment. Accordingly, the *Rooker-Feldman* doctrine does not bar the district court's jurisdiction over Holland's action.

We do not reach the "equitable abstention" and res judicata arguments that Defendants make on appeal because the district court did not rule on them and should be afforded an opportunity to do so in the first instance. *See Kougasian v. TMSL, Inc.,* 359 F.3d 1136, 1143-44 (9th Cir. 2004) (declining to address a res judicata argument after holding that the *Rooker-Feldman* doctrine did not apply); *F.D.I.C. v. Nichols*, 885 F.2d 633, 638 (9th Cir. 1989) (reversing dismissal and

3

declining to reach other potential grounds for dismissal upon which district court did not rely).[1]

The district court's dismissal of Holland's case is **VACATED** and this matter is remanded for further proceedings. The parties shall bear their own costs on appeal.

---

[1] Counsel for Defendants conceded at oral argument that res judicata does not bar Holland's suit, at least to the extent that Holland challenges Defendants' listing of his name on CACI. Counsel for Defendants also stated that, upon Holland's request, the County will promptly provide Holland with a hearing to address the listing of his name on CACI.